Sherri FINLEY, Plaintiff/Appellant,

v.

EMPIREGAS INC. OF POTOSI, a Delaware Corp.; Empire Gas Corporation, a Missouri Corporation, Defendants,

State of Missouri, Appellee.

No. 93–2218.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1993.

Decided June 30, 1994.

Michael P. Bastian, St. Louis, MO, argued, for appellant.

Gary L. Gardner, Jefferson City, MO, argued, for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge and BEAM, Circuit Judge.

BEAM, Circuit Judge.

The district court, following the dictates of Mo.Rev.Stat. § 537.675, awarded the State of Missouri a portion of the punitive damages Sherri Finley won on her Missouri Human Rights Act claim against Empiregas Inc. of Potosi and Empire Gas Corp. (collectively "Empiregas").[1] Finley challenges the constitutionality of the Missouri punitive damages statute and claims that the district court lacked jurisdiction to award any part of the punitive damages to the State. Because we find that the Missouri statute precludes the State's recovery in this case, we reverse.

## I. BACKGROUND

Finley filed this gender discrimination suit against Empiregas, her former employer. The district court entered judgment in favor of Finley upon a jury verdict that Empiregas violated the Missouri Human Rights Act, Mo. Rev.Stat. §§ 213.010 et seq., and upon a bench finding that Empiregas violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The court awarded Finley $4,250.00 in actual damages on both claims and $125,000.00 in punitive damages on the Missouri Human Rights Act claim. We affirmed. *Finley v. Empiregas, Inc.*, 975 F.2d 467 (8th Cir.1992). In a portion of the district court's judgment that was not challenged on appeal, the court held Finley liable to Empiregas on its state law counterclaims for fraud and conversion.[2] The court awarded Empiregas $401.00 in actual damages and $20,000.00 in punitive damages.

After our affirmance, Empiregas calculated the net judgments for actual and punitive damages plus interest that it owed Finley. The net actual and punitive damages were calculated separately by deducting the actual and punitive damages Finley owed Empiregas on the counterclaims from the respective amounts Empiregas owed Finley. Supp. Jt.App. at 28. Empiregas paid Finley the entire net actual damages judgment plus interest. Empiregas paid Finley only a portion of the net punitive damages award, however, and deposited the remainder with the district court in compliance with its interpretation of Mo.Rev.Stat. § 537.675.

Section 537.675, which became effective on July 1, 1987, established a Tort Victims' Compensation Fund in Missouri and provides in pertinent part:

> 2. Fifty percent of any final judgment awarding punitive damages after the deduction of attorneys' fees and expenses shall be deemed rendered in favor of the state of Missouri. The circuit clerks shall notify the attorney general of any final judgment awarding punitive damages rendered in their circuits. With respect to such fifty percent, the attorney general shall collect upon such judgment, and may execute or make settlements with respect thereto as he deems appropriate for deposit into the fund.

Pursuant to Empiregas's interpretation of section 537.675, Empiregas subtracted forty percent from the net punitive damages judgment to pay Finley's counsel's contingency fee and divided the remainder in half. Empiregas paid Finley and her counsel the amount deducted for her attorney's fee and one-half of the remainder. Empiregas deposited the other half of the remainder with the district court and notified the Office of the Missouri Attorney General that the State of Missouri might have a claim to the deposited money under section 537.675.[3]

| | |
|---|---|
| Total net punitive plus interest | $114,598.38 |
| Less 40% contingent fee | − 45,839.35 |
| | $ 68,759.03 |
| | ./. 2 |
| 50% upon which the State of Missouri might contend is payable to it | $ 34,379.51 |

Supp.Jt.App. at 28–29. These calculations included interest until October 8, 1992. Empiregas paid Finley and her counsel $84,432.98 which included net actual damages, the contingent fee, and one-half of the remaining net puni-

---

1. The district court had jurisdiction over this claim pendant to Finley's related Title VII claim.

2. The details of the complaint and counterclaims may be found in *Finley*, 975 F.2d at 467.

3. Finley's counsel provided these calculations to Empiregas' counsel in an October 7, 1992, letter detailing his understanding of the process:

The State, which had not been a party to the gender discrimination action, subsequently filed a motion under Federal Rule of Civil Procedure 69 to disburse the portion of punitive damages held by the court to the State based on section 537.675. Finley filed a cross-motion to disburse the funds to her arguing that section 537.675 does not apply to judgments rendered in federal court under the Supremacy Clause and contesting the statute's constitutionality under the Fourteenth Amendment. The district court held that section 537.675 applies to Finley's pendant state law claims and upheld the statute as constitutional. Accordingly, the court ordered the district court clerk to pay the contested money to the State of Missouri.

## II. DISCUSSION

■ On appeal, Finley renews her constitutional arguments to section 537.675 and adds several jurisdictional challenges. Although Finley conceded, or at least failed to contest, that the district court had jurisdiction under Rule 69 in her cross-motion to disburse funds, we consider her contentions because the question of subject matter jurisdiction may be raised at any time. Fed. R.Civ.P. 12(h)(3). Finley contends that the State's motion to disburse funds was equivalent to a motion to amend the judgment under Rule 59(e). She argues that the district court lacked jurisdiction to consider a motion to alter or amend because it was made out of time and because the court could not alter or amend its judgment after the mandate of this court was entered on the first appeal.

■ The State's motion did not request alteration of the substance of the district court's judgment, nor did it implicate this court's mandate in any way. The State claimed an interest in the judgment under Missouri law and moved to execute that interest in conformity with Rule 69. Rule 59(e) is not implicated. Rule 69 is the appropriate vehicle to exercise the district court's inherent ancillary jurisdiction to execute its judgment. *Hankins v. Finnel,* 964 F.2d 853, 859–61 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992). We have considered Finley's other jurisdictional arguments and conclude that they lack merit. Accordingly, we hold that the district court had subject matter jurisdiction over the State's motion.

■ This case does not require us to decide Finley's constitutional challenges to section 537.675 because a straightforward application of the statute requires overruling the State's motion.[4] Although it is unclear how the attorney general is to collect the State's interest, if any, in the punitive damages award, section 537.675 plainly does not contemplate the State entering this federal action to enforce its claim.

The facts, but not the law, of this case are remarkably similar to those of *Gordon v. State,* 608 So.2d 800 (Fla.1992). In *Gordon,* the trial court permitted the State of Florida to intervene as a party after the punitive damages judgment for plaintiff had been affirmed on appeal. The trial court amended its judgment *nunc pro tunc,* upon the State's motion, to transfer sixty percent of the punitive damages from the plaintiff to the State under Florida's punitive damages statute.

tive damages award with interest until October 9, 1992. Empiregas deposited $34,384.91, one-half of the remaining punitive damages with interest until October 9, 1992, with the district court. *Id.* at 27.

4. Finley raises two constitutional arguments on the merits of her claim. She contends that Missouri's punitive damages scheme violates the Equal Protection Clause by distinguishing medical malpractice plaintiffs from all other tort plaintiffs without a rational basis. *See* Mo.Rev. Stat. § 538.300 (exceptions to section 537.675). Finley also argues that section 537.675 constitutes a taking of her property without due process of law. Although several states in addition to Missouri have enacted statutes that award a portion of punitive damages to the state, the constitutional issues Finley raises have received

limited and desultory treatment in the courts. *Compare Shepherd Components, Inc. v. Brice Petrides–Donohue & Assoc., Inc.,* 473 N.W.2d 612 (Iowa 1991) (upholding Iowa statute against Takings Clause challenge); *Gordon v. State,* 608 So.2d 800 (Fla.1992) (upholding Florida statute over takings and substantive due process challenges), *cert. denied,* — U.S. —, 113 S.Ct. 1647, 123 L.Ed.2d 268 (1993); *with McBride v. General Motors, Corp.,* 737 F.Supp. · 1563 (M.D.Ga.1990) (declaratory judgment holding Georgia statute unconstitutional on due process, equal protection, excessive fines and double jeopardy grounds); *Kirk v. Denver Publishing Co.,* 818 P.2d 262 (Colo.1991) (en banc) (striking Colorado statute as unconstitutional under the Takings Clause). Application of Missouri's punitive damages statute does not require us to enter the fray.

*Id.* at 1035. At the time of appeal, Florida's punitive damages statute provided:

> [i]f the cause of action was based on personal injury or wrongful death, 60 percent of the award *shall be payable* to the Public Medical Assistance Trust ... otherwise, 60 percent of the award *shall be payable* to the General Revenue Fund.

Fla.Stat.Ann. § 768.73(2)(b) (emphasis added).[5] The Florida Supreme Court held that the trial court properly allowed the State to intervene and that amendment of the judgment was appropriate to correct an error arising from mistake or inadvertence. *Gordon,* 608 So.2d at 802 (the lower appellate court found the trial court's original judgment, which awarded all damages to the plaintiff, disregarded the "clear and mandatory terms of a controlling statute." *Gordon v. State,* 585 So.2d 1033, 1038 (Fla.Dist.Ct. App.1991)).

Missouri law expressly forbids the type of collection scheme endorsed by the Florida Supreme Court in *Gordon.* 608 So.2d at 802. Missouri's punitive damages statute provides that "[t]he state of Missouri shall have no interest in or right to intervene at any stage of any judicial proceeding under this section." Mo.Rev.Stat. § 537.675(3). Here, in an attempt to evade the plain language of the Missouri statute, the State filed a Rule 69 motion for execution on the judgment hoping to obtain a result much like that in *Gordon.* Even assuming for the sake of argument that a motion under Rule 69 is sufficiently different from "intervening" to comply with section 537.675, the State has no present inter-est of record in the underlying judgment upon which to execute.

The State is nowhere mentioned in the district court's original judgment and thus has no claim in federal court to any of the disputed funds. Unlike the Florida statute, which directed that sixty percent of the punitive damages award "shall be payable" to the State, section 537.675 merely provides that a portion of the punitive damages "shall be *deemed* rendered in favor of the state of Missouri." Mo.Rev.Stat. § 537.675(2) (emphasis added). The statute does not direct the district court to enter judgment in the underlying action in favor of the State or to make the award payable to the State. Indeed, we are unaware of any procedure in federal court for "deeming" the judgment rendered to the State. Thus, the district court's judgment should not have been disturbed.

Our decision leaves open the question of how the State should enforce its alleged interest in federal punitive damages awards. We note, however, that the Missouri courts have not enforced section 537.675 in the manner which the State urges upon us. In *DeShong v. Mid–States Adjustment, Inc.,* 876 S.W.2d 5 (Mo.Ct.App.1994), the State was conspicuously absent from the plaintiff's motion for a writ of execution and summons of garnishment to collect his $125,000 punitive damages judgment. The Missouri court made no mention of section 537.675 or of the State's possible interest in the judgment.[6]

The statute places the burden on the attorney general to "collect upon such judgment," perhaps in a later action against one of the parties.[7] Mo.Rev.Stat. § 537.675(2). In

---

**5.** The Florida statute has since been amended to allow plaintiffs to keep sixty-five percent of the punitive damages and reducing the State's interest to thirty-five percent.

**6.** We find it significant that the State cannot direct us to a single case applying section 537.-675 to a punitive damages award, although the statute has been in effect for over six years.

**7.** We feel compelled to discuss one further problem with enforcing section 537.675 against federal judgments. The statute directs that "[t]he circuit clerks shall notify the attorney general of any final judgment awarding punitive damages." Mo.Rev.Stat. § 537.675(2). There is no parallel provision, nor could there be under the Suprem-acy Clause, for actions in federal district court. Thus, in federal court, as was the case here, the State must depend upon the parties to notify the attorney general of the State's possible interest. This practice obviously permits arbitrary and inconsistent results depending upon the parties' knowledge of the statute, interpretation of their obligations under the statute and desire to inform the State of its possible interest rather than to bargain over the State's share.

We note that in the present case, although the court ordered both parties to pay punitive damages, only Empiregas notified the State of its possible interest and only in the punitive damages Empiregas was ordered to pay. Empiregas set off the entire amount of punitive damages it won from Finley against its own punitive dam-

such action the court could, of course, consider that a portion of the punitive damages award is "deemed" to be the property of the State under Missouri law. In the present action, however, the State has no interest in the judgment upon which to execute. Finley has the only interest of record in the judgment in this case. Accordingly, the district court should have disbursed the funds to her.

## III. CONCLUSION

For the reasons discussed above, we reverse the order of the district court and remand for further proceedings consistent with this opinion.

BRIGHT, Senior Circuit Judge, concurring separately.

I concur in the result.

The result in this case would justify the legislators of Missouri considering the modification of the statute to assure protection of that state's interest in punitive damage awards in any court, state or federal.

---

ages obligation. Presumably, a portion of the setoff amount is "deemed" to be the property of the State and should not have been set off against Finley's award (and the State's portion, if any, of Finley's award). Section 537.675 is not well-drawn to occasion equal and fair collection of punitive damages awarded in federal court.